sary to be here repeated. After the answer was filed the relator, by his counsel, directed a discontinuance of the proceeding, which was approved by the court. The writ was dismissed and the child remanded to the custody of the respondent.

This appeal is from the allowance of the discontinuance.

The case was submitted on the record and briefs filed. Consideration of these satisfies us that the order complained of was within the discretion of the court. It resulted in the continuing of the custody of the child in the respondent. As the primary object of the law is the welfare of the child, we are not convinced that a continuance of the action would result in the advancement of that object.

The appeal is therefore dismissed.

City of Philadelphia to the use of Edgar S. Clothier et al. individually and trading as Clothier and Sharpe Bros., Appellant, v. Perna Engineering and Contracting Co. et al.

Argued October 17, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

582

*Samuel I. Sacks,* of *Sacks and Piwosky,* for appellant.—The lumber used was material furnished in accordance with the terms of the contract: Phila. v. McLinden, 205 Pa. 172; Phila. v. Neill, 206 Pa. 333; Bowditch v. Gourley, 24 Pa. Superior Ct. 342; 3 Words and Phrases (2nd Series) 325; U. S. to use Lyman Coal Co. v. U. S. F. & G. Co., 82 Vt. 94, 71 Atl. 1106, 1107; 5 Words and Phrases Judicially Defined 4409; Phila. to use v. Jackson and the Fidelity & Casualty

Co. of N. Y., 280 Pa. 319; Empire State Surety Co. v. Des Moines, 152 Iowa 531; 131 N. W. 870; 152 Iowa 552, 132 N. W. 827; Illinois Surety Co. v. John Davis Co., 244 U. S. 376; U. S. to use of Boyer v. Quarry Co., 272 Fed. 698; Shannon v. Abrams, 98 Kan. 26; Multnomah v. U. S. F. & G. Co., 87 Ore. 198; Smith v. Oosting, 203 N. W. 131 (1925).

*William G. Wright,* and with him *Robert P. F. Maxwell* and *George F. Blewett,* for appellees.—The material furnished was not designed to enter into or form a component part of the completed structure, and, therefore, was not within the condition of the bond: Phila. v. Jackson & Co., Inc., 280 Pa. 319; Moyer v. Penna. Slate Co., 71 Pa. 293; Phila. v. Malone, 214 Pa. 90; Commonwealth v. National Surety Co., 253 Pa. 5; Robertson v. Globe Indemnity Co., 77 Pa. Superior Ct. 422.

PER CURIAM, December 13, 1928:
The judgment is affirmed on the opinion of Judge GORDON.

In re: Appointment of Two Directors for Wells Township School District. Ayers Appeal.

Argued November 21, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.